UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 10-30068 |
| | ) | Chapter 13 |
| HARLAN EUGENE REED | ) | |
| fdba R & R Enterprises | ) | |
| SSN/ITIN xxx-xx-8395 | ) | |
| | ) | DECISION RE: |
| and | ) | CONFIRMATION OF DEBTORS' |
| | ) | PLAN DATED OCTOBER 17, 2010 |
| LOLA FRANCES REED | ) | |
| aka Frances Reed | ) | |
| SSN/ITIN xxx-xx-0432 | ) | |
| | ) | |
| Debtors. | ) | |

The matter before the Court is Community Home Financial Services, Inc.'s objection to Debtors' plan. This decision and the accompanying order constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). For the reasons discussed below, the Court will overrule Community Home Financial Services' objection and will confirm Debtors' plan on the terms and conditions stated on the record on December 21, 2010.

I.

The parties stipulated to the relevant facts (doc. 46). Debtors owe Equifirst Corporation $63,601.00 secured by a first mortgage against their principal residence. Debtors owe Community Home Financial Services $12,917.17 secured by a second mortgage against their principal residence.[1] Debtors' principal residence is worth less

---

[1] A copy of the mortgage is attached as Exhibit A (doc. 46-1) to the parties' stipulation.

than the amount owed to Equifirst.[2]

The parties also stipulated to the issue presented (doc. 46). That issue, as framed by the parties, is "[w]hether 11 U.S.C. § 1322(b)(2) prevents the modification of Community Home Financial Services, Inc.'s second mortgage against [Debtors'] principal residence[,] when the value of the real property is insufficient to cover the outstanding amount owed on the first mortgage."

II.

A chapter 13 plan may not modify the rights of a holder of "a claim secured only by a security interest in real property that is the debtor's principal residence[.]" 11 U.S.C. § 1322(b)(2). In *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993), the Supreme Court held § 1322(b)(2) prohibits a debtor from reducing – or "stripping down" – an undersecured creditor's mortgage lien against the debtor's homestead to the value of the homestead.

The Supreme Court did not address the issue presented in this case.[3] Since *Nobelman* was decided, however, appellate courts in eight circuits have addressed the issue, and each of those courts has concluded § 1322(b)(2) protects only undersecured creditors – like the creditor in *Nobelman* – not wholly unsecured creditors – like Community Home Financial Services. *Domestic Bank v. Mann* (*In re*

---

[2] A copy of the appraisal completed at the parties' request is attached as Exhibit B (docs. 46-2, -3, -4, and -5) to the parties' stipulation.

[3] The creditor in *Nobelman* was owed $71,335.00 and held a first mortgage against the debtors' home, which was worth $23,500.00. The creditor was thus undersecured, not wholly unsecured.

*Mann*), 249 B.R. 831, 840 (B.A.P. 1st Cir. 2000) ("Chapter 13 plans may void residential real property liens that are wholly unsecured."); *Pond v. Farm Specialist Realty* (*In re Pond*), 252 F.3d 122, 127 (2nd Cir. 2001) ("Because their lien is wholly unsecured . . . their rights in the lien are not protected under the antimodification exception of Section 1322(b)(2)."); *McDonald v. Master Financial, Inc.* (*In re McDonald*), 205 F.3d 606, 615 (3rd Cir. 2000), *cert. denied*, 531 U.S. 822 (2000) ("[A] wholly unsecured mortgage is not subject to the antimodification clause in §1322(b)(2)."); *Bartee v. Tara Colony Homeowners Association* (*In re Bartee*), 212 F.3d 277, 296 (5th Cir. 2000) ("[A] wholly unsecured lien is not subject to the antimodification clause in § 1322(b)(2)."); *Lane v. Western Interstate Bancorp* (*In re Lane*), 280 F.3d 663, 669 (6th Cir. 2002) ("If a claimant's lien on the debtor's homestead has no value at all . . . the claimant's contractual rights are subject to modification by the plan."); *Zimmer v. PSB Lending Corporation* (*In re Zimmer*), 313 F.3d 1220, 1227 (9th Cir. 2002) ("[T]he rights of a creditor holding only an unsecured claim may be modified under § 1322(b)(2)."); *Griffey v. U.S. Bank* (*In re Griffey*), 335 B.R. 166, 170 (B.A.P. 10th Cir. 2005) ("[W]e agree with the majority of courts that the antimodification clause of § 1322(b)(2) does not apply to the holder of a wholly unsecured claim."); *Tanner v. FirstPlus Financial, Inc.* (*In re Tanner*), 217 F.3d 1357, 1360 (11th Cir. 2000) ("Any claim that is wholly unsecured, however, would not be protected from modification under section 1322(b)(2)."), *cert. denied*, 532 U.S. 972 (2001), *questioned in American General Finance, Inc. v. Dickerson* (*In re Dickerson*),

222 F.3d 924, 926 (11th Cir. 2000) ("This court's recently announced decision in [*Tanner*] controls . . . . However, were we to decide this issue on a clean slate, we would not [reach the same conclusion].").

### III.

Community Home Financial Services is asking the Court to disregard the foregoing authority, extend the holding in *Nobelman*, and conclude § 1322(b)(2) also prohibits a debtor from avoiding – or "stripping off" – a wholly unsecured creditor's mortgage lien against the debtor's homestead. While some courts have reached that conclusion – which Community Home Financial Services concedes is the minority view – this Court respectfully declines to do so. The Court instead agrees with and adopts the reasoning of the cases cited above and thus aligns itself with those courts that have held § 1322(b)(2) does not protect wholly unsecured creditors and does not prohibit a debtor from "stripping off" a wholly unsecured creditor's mortgage lien against the debtor's homestead.

Debtors may therefore "strip off" Community Home Financial Services' mortgage lien and treat its claim as an unsecured claim. The Court will enter an appropriate order.

Dated: March 16, 2011.

BY THE COURT:

*[signature]*

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota